NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 16 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WINIFRED JIAU, | No. 16-15147 |
| Plaintiff-Appellant, | D.C. No. 3:13-cv-00248-WHA |
| v. | |
| KAIRE POOLE; RANDY L. TEWS, Warden, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Submitted March 8, 2017**

Before:     LEAVY, W. FLETCHER, and OWENS, Circuit Judges.

Winifred Jiau, a former federal prisoner, appeals pro se from the district

court's summary judgment for failure to exhaust administrative remedies in her

action brought under *Bivens v. Six Unknown Named Agents of Federal Bureau of*

*Narcotics*, 403 U.S. 388 (1971).  We have jurisdiction under 28 U.S.C. § 1291.

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We review de novo. *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015). We affirm.

The district court properly granted summary judgment because Jiau failed to raise a genuine dispute of material fact as to whether she properly exhausted her administrative remedies, or whether there was "something in [her] particular case that made the existing and generally available administrative remedies effectively unavailable to [her]." *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014); *see also Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (requiring proper exhaustion, which means "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)" (emphasis, citation, and internal quotation marks omitted)). Because we affirm the district court's summary judgment based on failure to exhaust administrative remedies, we treat the judgment as a dismissal without prejudice. *See Lira v. Herrera*, 427 F.3d 1164, 1170 (9th Cir. 2005) ("[A] district court must dismiss a case without prejudice when there is no presuit exhaustion[.]" (emphasis, citation, and internal quotation marks omitted)).

In light of our disposition, we do not reach the merits of Jiau's claims.

We do not consider Jiau's contentions concerning appointment of counsel,

16-15147

leave to amend, leave to conduct discovery, or deliberate indifference to medical needs because they were not properly raised before the district court. *See L.A. News Serv. v. Reuters Television Int'l, Ltd.*, 149 F.3d 987, 996 (9th Cir. 1998).

We reject as unsupported by the record Jiau's contentions that defendants committed perjury.

**AFFIRMED.**